IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 99-CR-020-TCK |
| ) | (04-CV-156-TCK-SAJ) |
| ROBERT EDWIN ESKRIDGE, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Before the Court is the motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 614) filed by Defendant Robert Edwin Eskridge ("Defendant" or "Eskridge"). Defendant also filed a brief in support of his § 2255 motion (Dkt. # 615). The Government filed a response (Dkt. # 630). Defendant filed a reply (Dkt. # 635). Defendant also filed four (4) motions to amend/supplement, as follows: a motion "seeking leave to file a pro-se supplemental brief" (Dkt. # 673), a motion "seeking permission for leave to file second supplemental pro-se brief for evidentiary hearing" (Dkt. # 689), a motion "seeking permission to amend and/or supplement pro-se brief under Rule 15(a)" (Dkt. # 693), and a motion "seeking permission for leave to file third supplemental pro-se brief in light of error U.S.S.G. § 2D1.5(a)" (Dkt. # 722). For the reasons discussed below, Defendant's motions to amend and supplement the § 2255 motion shall be granted in part and denied in part. In addition, Defendant's § 2255 motion shall be denied.

### *BACKGROUND*

On May 27, 1999, Defendant Robert Eskridge and 16 co-defendants were charged in a 13-count second superseding indictment (Dkt. # 147). Eskridge was charged with conspiracy to distribute various controlled drugs (Count I) and continuing criminal enterprise ("CCE") (Count XIII). Jury trial commenced on August 30, 1999, for Eskridge and his co-defendants Woods, Iiland,

and McCalister. Eskridge was represented at trial by attorneys Chadwick Richardson and Richard S. Toon. On September 21, 1999, the jury returned its verdict (Dkt. # 251) finding Eskridge guilty as to Counts I and XIII. On February 17, 2000, Eskridge was sentenced to 420 months imprisonment on Count I and thirty (30) years on Count XIII, to run concurrently, followed thereafter by five (5) years of supervised release as to each count, to run concurrently. See Dkt. # 399. Judgment (Dkt. # 414) was entered March 3, 2000.

Eskridge appealed to the Tenth Circuit Court of Appeals. On appeal, he was represented by attorney James L. Hughes. In his opening brief, Eskridge raised two (2) grounds of error, as follows: (1) the district court erred in admitting, over objection, "co-conspirator hearsay" by government witness David Andrew Sump, and (2) the district court erred by admitting so-called "non-scientific expert testimony" by government witness Harold Clouse, an FBI document expert. See Dkt. # 519. The Tenth Circuit evaluated the claims and found no error. By Order dated July 3, 2001, this Court's judgment was affirmed. See id.; United States v. Busby, 2001 WL 744973 (10th Cir. July 3, 2001) (unpublished).

On August 29, 2001, Eskridge filed a *pro se* petition for rehearing. See Dkt. # 527. By Order filed November 2, 2001, the Tenth Circuit recalled the previously issued mandate and granted the petition for rehearing as to the conspiracy conviction but denied the petition for rehearing as it related to the continuing criminal enterprise conviction. See id. By Order filed January 13, 2003 (Dkt. # 576), this Court vacated the conviction and sentence as to Count I and dismissed Count I. The sentence and fine as to the CCE conviction (Count XIII) remained unchanged. See Dkt. # 576.

On January 17, 2002, Eskridge filed a petition for writ of *certiorari* at the Supreme Court. That petition was denied on June 2, 2003. Eskridge v. United States, 539 U.S. 908 (2003).

On March 1, 2004, Defendant filed the instant § 2255 motion (Dkt. # 614). He raises four (4) claims as follows: (1) Counsel (Mr. Richardson, Mr. Toon, and Mr. Hughes) provided ineffective assistance in failing to object to the evidence regarding David Sump and the Mexican Connection, failed to raise the CCE issue at trial, and failed to object at sentencing, (2) the government committed a variance by allowing facts about the trip from California to Oklahoma into evidence, (3) the evidence showed several conspiracies when the indictment charged one single broad conspiracy, and (4) the district court erred when it told the jury to not guess or speculate as to the disposition of Sidney Iiland. See Dkt. # 614.

After the government filed its response to the § 2255 motion, Eskridge filed four (4) motions seeking leave to supplement and amend his § 2255 motion. In the first motion, filed February 28, 2005 (Dkt. # 673), Eskridge seeks to raise claims under Blakely v. Washington, 542 U.S. 296 (2004), as well as additional claims of ineffective assistance of appellate counsel for failing to raise a claim under Apprendi v. New Jersey, 530 U.S. 466 (2000). He also seeks to supplement his § 2255 claim based on Richardson v. United States, 526 U.S. 813 (1999). See Dkt. # 673. In the second motion, filed November 7, 2005 (Dkt. # 689), Eskridge seeks to add additional claims of ineffective assistance of appellate counsel and to supplement both his Richardson claim and his "prejudicial variance" claim. In the third motion, filed July 19, 2006 (Dkt. # 693), Eskridge seeks leave to add a double jeopardy claim and to raise additional claims of ineffective assistance of trial and appellate counsel. In the fourth motion, filed August 10, 2007 (Dkt. # 722), Eskridge seeks leave to raise additional claims of ineffective assistance of counsel at sentencing resulting from counsel's failure to object to both an incorrect application of U.S.S.G. § 2D1.5(a) and a sentence calculation error.

***ANALYSIS***

**A. Evidentiary hearing**

The Court finds that an evidentiary hearing is not necessary because "the motion and the files and records of the case conclusively show that the [movant] is entitled to no relief." 28 U.S.C. § 2255(b); see also Townsend v. Sain, 372 U.S. 293, 318 (1963), *overruled in part by* Keeney v. Tamayo-Reyes, 504 U.S. 1 (1992); United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988). Therefore, no evidentiary hearing will be held.

**B. Motions to amend and/or supplement (Dkt. #s 673, 689, 693, 722)**

In his first two motions to file a *pro se* supplemental brief (Dkt. #s 673 and 689), Defendant seeks leave to both supplement claims raised in his § 2255 motion and add new claims not raised in the § 2255 motion. In the third and fourth motions (Dkt. #s 693 and 722), Defendant seeks leave to add new claims not previously raised in the § 2255 motion. To the extent Defendant seeks leave to supplement claims raised in the original § 2255 motion, his motions to file *pro se* supplemental brief shall be granted and the supplemental information provided by Defendant shall be considered in resolving the issues raised in the § 2255 motion. However, to the extent Defendant seeks leave to add new claims unrelated to the claims raised in the § 2255 motion, the motions to file *pro se* supplemental brief shall be denied because the new claims are barred by the one-year statute of limitations.

Paragraph 6 of 28 U.S.C. § 2255, as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), enacted April 24, 1996, provides as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of --
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making

>a motion by such governmental action;
>(3) the date on which the right asserted was initially recognized by the Supreme court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Defendant's CCE conviction became final on June 2, 2003, when the Supreme Court denied his petition for writ of *certiorari*. See Clay v. United States, 537 U.S. 522, 525 (2003); United States v. Martin, 357 F.3d 1198, 1200 (10th Cir. 2004). Thus, Defendant had until June 2, 2004, to file a timely § 2255 motion. Defendant filed his original § 2255 motion on March 1, 2004, or approximately three (3) months before the deadline. Defendant's motions to file *pro se* supplemental briefs were filed between February 28, 2005, and August 10, 2007, or well after expiration of the one-year limitations period. Thus, the Court is precluded from considering the claims raised in the motions to file *pro se* supplemental briefs unless they "relate back" to the original § 2255 motion or Defendant demonstrates entitlement to statutory or equitable tolling of the one-year period.

In each of the pending motions to file "*pro se* supplemental brief," Defendant requests that he be allowed to add claims based on facts unrelated to the original claims. Upon review of the new claims, the Court finds it is precluded from considering the new claims because they do not "relate back" to the original § 2255 motion and are barred by the one-year statute of limitations provided by the Antiterrorism and Effective Death Penalty Act "(AEDPA").

Pursuant to Fed. R. Civ. P. 15(c), "[a]n amendment of a pleading relates back to the date of the original pleading when . . . the claim or defense asserted in the amended pleading arose out of

5

the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. P. 15(c)(2). "Relation back" causes otherwise untimely claims to be considered timely by treating them as if they had been filed when the timely claims were filed. Therefore, the new claims in Defendant's motions to amend will relate back and be considered timely if they "arose out of the conduct, transaction, or occurrence" set forth in his original § 2255 motion.

The new claims identified in the motions to file *pro se* supplemental brief do not serve to clarify or amplify Eskridge's original § 2255 claims. Instead each claim is new, totally separate and distinct "in both time and type" from those raised in his original motion. See Mayle v. Felix, 545 U.S. 644 (2005) (discussing interaction of Federal Rules of Civil Procedure and habeas corpus rules and finding that "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order"); United States v. Espinoza-Saenz, 235 F.3d 501, 504-505 (10th Cir. 2000); Davenport v. United States, 217 F.3d 1341, 1344-1345 (11th Cir. 2000); United States v. Craycraft, 167 F.3d 451, 457 (8th Cir. 1999). Because a majority of amendments to § 2255 motions raise issues which relate to a defendant's trial and sentencing, to allow amendment under that broad umbrella would be tantamount to judicial rescission of AEDPA's statute of limitations period. See United States v. Pittman, 209 F.3d 314, 318 (4th Cir. 2000) (stating that to allow untimely amendments bringing new claims arising out of the same trial proceeding as the original claims, "would undermine the limitations period set by Congress in the AEDPA"); United States v. Duffus, 174 F.3d 333, 337 (3d Cir. 1999) (holding that granting motion to amend "would have frustrated the intent of Congress that claims under 28 U.S.C. § 2255 be advanced within one year after a judgment of conviction becomes final"). Therefore, under the circumstances here, the relation back provision of Rule 15(c) cannot be applied to save Defendant's new claims

asserted in the motions for leave to file *pro se* supplemental briefs.

The Court recognizes that in his first motion (Dkt. # 673) Defendant seeks to add new claims based on Blakely. Defendant cannot benefit, however, from subsection (3) of § 2255 ¶ 6, providing that the limitations period may commence on the date on which the right asserted was initially recognized by the Supreme court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. Defendant's CCE conviction was final on June 2, 2003, or well before the Supreme Court issued Blakely on June 24, 2004. The Supreme Court has not made Blakely "retroactively applicable to cases on collateral review." § 2255(3). See also United States v. Price, 400 F.3d 844, 849 (10th Cir. 2005) (holding that Blakely does not apply retroactively to convictions that were already final at the time Blakely issued). Therefore, Blakely does not serve as a basis for restarting Defendant's one-year limitations period. See United States v. Harms, 138 Fed.Appx. 101 (10th Cir. 2005) (unpublished). His § 2255 limitations period began when his conviction became final, on June 2, 2003, rather than the date Blakely issued.

In addition, Defendant has not presented any justification constituting "extraordinary circumstances" warranting equitable tolling. See United States v. Willis, 202 F.3d 1279, 1281 n. 3 (10th Cir. 2000) (citing Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998)). Such circumstances exist if "the petitioner has 'in some extraordinary way ... been prevented from asserting his or her rights.'" Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998) (citation omitted). The habeas petitioner must also plead with "specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims." Miller, 141 F.3d at 978. In this case, Defendant has not provided an explanation for his lack of diligence in raising the new claims identified in the motions to file *pro se* supplemental briefs. As a result, the Court concludes that

Defendant's new claims identified in his four (4) motions to file *pro se* supplemental briefs are untimely. Therefore, to the extent Defendant seeks leave to add new claims unrelated to the claims asserted in the original § 2255 motion, the motions for leave to file *pro se* supplemental brief shall be denied because the new claims are barred by the one-year statute of limitations.

**C. Section 2255 claims**

As stated above, Eskridge identifies four (4) claims in his 28 U.S.C. § 2255 motion. Having reviewed the motion, the Court finds that the claims either lack merit or are procedurally barred.

*1. Ineffective assistance of counsel claims lack merit*

Throughout his § 2255 motion and supporting brief, Eskridge complains that he received ineffective assistance of counsel at trial, at sentencing, and on appeal. Specifically, Eskridge alleges that his trial counsel provided ineffective assistance in failing to object to the introduction of evidence unrelated to the charged crimes, including cash and photos of vehicles; failing to communicate and consult prior to trial; failing to make a thorough examination of the documentary evidence; failing to investigate and file motions relating to David Sump; failing to interview government witnesses before trial; failing to impeach David Sump with prior inconsistent statements; failing to present Eskridge's defense; failing to object to a "spillover" effect resulting from the dismissal of the conspiracy charge against co-defendant Iiland; failing to file a motion of acquittal based on insufficient evidence; failing to review presentence report with Defendant prior to sentencing hearing; failing to challenge the amount of drugs used to calculate sentence; agreeing to stipulate to drug trafficking proceeds of $1,000,000; and failing to cross examine Agent Chris Peters. See Dkt. # 615. Eskridge also alleges that his appellate counsel provided ineffective assistance in failing to raise issues which were obvious on the record and in failing to research the

trial transcripts; failing to contact Defendant regarding the appeal; and failing to challenge the government's withholding of impeachment evidence as to the testimony of Bob Heidlage, a City of Tulsa police officer, in violation of Brady.[1] See Dkt. # 615.

To establish ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984); Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 688. In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential. Id. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689. Counsel is not constitutionally ineffective for failing to raise issues devoid of merit. United States v. Cook, 45 F.3d 388, 393 (10th Cir. 1995).

To establish the second prong, a defendant must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694; see also Lockhart v. Fretwell, 506 U.S. 364, 369-70 (1993).

---

[1] Brady v. Maryland, 373 U.S. 83 (1963).

When a defendant alleges his appellate counsel provided ineffective assistance by failing to raise an issue on direct appeal, the court examines the merits of the omitted issue. Cook, 45 F.3d at 392. If the omitted issue is without merit, counsel's failure to raise the issue does not constitute constitutionally ineffective assistance of counsel. Id. at 393.

The Court has reviewed Defendant's allegations of ineffective assistance of counsel and finds that counsel did not perform deficiently. The Court first notes that many of Defendant's claims of ineffective assistance of counsel are, in large part, conclusory and unsupported with factual bases. As a result, those claims may be denied. United States v. Fisher, 38 F.3d 1144, 1147 (10th Cir. 1994). Defendant alleges that his trial counsel failed to engage in "extensive consultation" with him, failed to make a thorough examination of the documentary evidence, failed to interview witnesses, failed to utilize inconsistent statements, failed to prepare his defense, and failed to prepare adequately for trial. He does not explain, however, what steps counsel failed to take, what documentary evidence was overlooked, what information could have been obtained had counsel interviewed witnesses, what the inconsistent statements were, what defense he had to the charges, or how he was prejudiced by counsel's allegedly deficient performance. He has failed to demonstrate that his attorney's allegedly deficient performance was so serious as to deprive him of a fair trial. Strickland, 466 U.S. at 687. In the absence of factual averments supporting those claims, the Court finds Defendant's request for relief under § 2255 should be denied. Fisher, 38 F.3d at 1147.

Defendant has, however, asserted a factual basis for some of his claims and the Court will analyze those claims under the Strickland standard. Defendant first complains that his attorney provided ineffective assistance in failing to file a motion to suppress evidence recovered from his mother's home because it was "totally unrelated to the charged crimes." See Dkt. # 615 at 5.

Specifically, Defendant complains of the introduction of $28,000, as well as photographs of her home in French Camp, California, and photos of various vehicles, all found at the home of his mother, Ruby Walker, during execution of a search warrant. Defendant has not provided a sound legal basis for his counsel to object to the admission of the evidence. Had his attorney filed a motion to suppress, it would have been overruled. Counsel did not perform deficiently in failing to move for suppression of the evidence recovered from his mother's home.

Similarly, counsel did not perform deficiently in failing to file motions regarding the testimony of witness David Sump and in allegedly failing to cross-examine Sump adequately. Significantly, the Tenth Circuit determined on direct appeal that Sump's testimony was not inadmissible hearsay. Defendant offers no other basis for excluding the testimony. As a result, the Court finds counsel did not perform deficiently in failing to file motions regarding Sump. The Court also finds that contrary to Defendant's allegations, attorney Richardson extensively cross-examined witness Sump. See Tr. Trans. Vol. II at 62-92, 106-112. Defendant has failed to allege with specificity any fact demonstrating that he suffered prejudice as a result of his attorney's performance.

Defendant next argues that the Court's dismissal of the conspiracy charge against Sidney Iiland caused a "spillover effect" and that he was prejudiced by counsel's failure to object. Defendant asserts that relevant factors to consider for determining prejudice are "(1) whether the evidence on the acquitted count was inflammatory and tended to incite or arouse the jury to convict the defendants on the remaining counts; (2) whether the evidence on the acquitted count was similar to or distinct from that required to prove the remaining counts; (3) the strength of the government's case on the remaining counts." See Dkt. # 615 at 9. Defendant does not acknowledge, however, that

the jury was given an instruction regarding consideration of evidence as to each Defendant and each charge. See Dkt. # 247 at 6. The jury was also instructed that the disposition of the conspiracy charge against Defendant Iiland should not influence their verdict as to the remaining defendants and that their verdict was to be based "solely on the evidence against the remaining defendants." See id. at 27. Although Eskridge contends the limiting instruction was "fatally flawed," the Court disagrees and finds the instructions, when read as a whole, accurately stated the governing law and provided the jury with guidance regarding the issues and the applicable legal standards. See United States v. Voss, 82 F.3d 1521, 1529 (10th Cir. 1996). It is assumed that jurors follow the judge's instructions. United States v. Carnagie, — F.3d —, 2008 WL 2807466 (10th Cir. 2008) (citing United States v. Chanthadara, 230 F.3d 1237, 1251 (10th Cir.2000)). Furthermore, under the test for evaluating the sufficiency of the evidence, as announced by the Supreme Court in Jackson v. Virginia, 443 U.S. 307, 319 (1979), the government's evidence, taken as a whole, was sufficient for the jury to find beyond a reasonable doubt that Eskridge was guilty of the crimes charged. As a result, even if there was a "spillover effect" resulting from the jury hearing the evidence against Defendant Iiland, Eskridge has failed to demonstrate that he suffered prejudice.

Defendant also claims that he received ineffective assistance of counsel at sentencing. His allegations, however, are conclusory and lacking in factual support. He merely claims that his attorney failed to object to the drug quantities contained in the presentence report. The Court has reviewed the presentence report along with the relevant transcripts and finds that the guideline calculation was supported by the trial evidence as reflected in the presentence report. The Court concludes that counsel did not perform deficiently at sentencing.

Defendant also raises claims of ineffective assistance of appellate counsel. As indicated

above, when a defendant alleges his appellate counsel provided ineffective assistance by failing to raise an issue on direct appeal, the court examines the merits of the omitted issue. Cook, 45 F.3d at 392. If the omitted issue is without merit, counsel's failure to raise the issue does not constitute constitutionally ineffective assistance of counsel. Id. at 393. First, Defendant asserts that his appellate counsel provided ineffective assistance when he failed to allege that the jury was improperly instructed in violation of United States v. Richardson, 526 U.S. 813 (1999) (holding that a jury must be instructed that it must unanimously agree on three specific Title 21 violations committed by defendant in order to convict under the CCE statute). After reviewing the jury instructions in this case, see Dkt. # 247, the Court finds there was no violation of Richardson. Defendant's jury was instructed as to the types of offenses constituting the predicate offenses and that they had to agree unanimously on the identity of the three violations constituting the continuing series. Dkt. # 247 at 63-64. The instructions complied with Richardson. Appellate counsel did not perform deficiently in failing to raise this claim on direct appeal because the claim lacks merit.

Defendant also alleges that his appellate counsel provided ineffective assistance in failing to challenge the sufficiency of the evidence, in failing to allege a fatal variance, in failing to allege a Brady violation, and in failing to argue that the dismissal of the conspiracy charge against co-defendant Iiland caused a "spillover effect." See Dkt. # 615. None of those omitted claims is meritorious. First, the evidence against Defendant Eskridge was overwhelming and when taken as a whole, was sufficient for the jury to find beyond a reasonable doubt that Eskridge was guilty of the crimes charged. Jackson, 443 U.S. at 319 (providing the standard for reviewing challenges to the sufficiency of the evidence). Second, the Tenth Circuit rejected a claim raised by Eskridge's co-defendant Kenneth Woods that there was a prejudicial variance between the conspiracy as charged

and the evidence presented by the government. Eskridge presents no argument suggesting that the outcome of his appeal would have been different had his attorney raised the claim. Furthermore, Eskridge has failed to explain the basis for a <u>Brady</u> claim resulting from the testimony of Officer Heidlage. The Court has nonetheless reviewed the testimony of Officer Heidlage. <u>See</u> Tr. Trans. Vol. II at 112-144. The record reflects that trial counsel did inquire as to the absence in Officer Heidlage's police report of any reference by Sump to a beating delivered by Robert Eskridge as described by Sump during his trial testimony, as well as the absence of any mention of Robert Eskridge as a suspect. <u>Id.</u> at 130-33. As a result, that information was elicited by trial counsel. The Court finds no basis for appellate counsel to have raised a <u>Brady</u> claim. Lastly, the Court has analyzed and rejected Eskridge's "spillover" claim as an underlying claim of ineffective assistance of trial counsel. Because trial counsel did not provide ineffective assistance in failing to argue the "spillover" claim at trial, appellate counsel did not provide ineffective assistance in failing to raise the claim on appeal. Appellate counsel did not provide ineffective assistance in failing to raise any of these omitted claims on appeal because the claims are meritless.

In summary, the Court finds Defendant has failed to satisfy the <u>Strickland</u> standard as to the assistance provided by his attorneys at trial and on appeal. Defendant's attorneys did not perform deficiently at trial or on direct appeal because the claims lack merit. Furthermore, nothing alleged by Defendant convinces the Court that there is a reasonable probability that the outcome of the proceedings would have been different without the incidents of alleged deficient performance by counsel. As a result, Defendant has failed to satisfy the <u>Strickland</u> standard and he is not entitled to § 2255 relief on his ineffective assistance of trial and appellate counsel claims. <u>Strickland</u>, 466 U.S. at 687.

### *2. Claims that could have been raised on direct appeal are procedurally barred*

Defendant raises numerous issues in his § 2255 motion that could have been but were not raised on direct appeal. Those issues include: failure to instruct that "unanimous agreement was required not only to find the existence of a continuing series, but in determining the composition of that series," as required by Richardson; the government "committed a fatal variance" by allowing uncharged offenses into evidence in support of the CCE charge and that the indictment charging a CCE failed to specify sufficiently the breadth of the criminal transactions underlying the charge; the evidence was insufficient to demonstrate a connection between him and the other alleged co-conspirators and that the indictment charged a single conspiracy while the proof offered at trial demonstrated several independent conspiracies; and the Court erred in disposing of the conspiracy charge against co-defendant Sidney Iiland followed by the giving of a "fatally flawed" limiting instruction regarding consideration of the evidence involving Sidney Iiland as to the remaining co-defendants. See Dkt. # 615.

"Section 2255 motions are not available to test the legality of matters which should have been raised on direct appeal." United States v. Warner, 23 F.3d 287, 291 (10th Cir. 1994). As a result of Defendant's failure to raise those claims on direct appeal, they are procedurally barred unless Defendant establishes cause for his default and prejudice resulting therefrom, or can show that a fundamental miscarriage of justice will occur if his claims are not addressed. Cook, 45 F.3d at 392. The procedural default rules developed in the context of § 2254 habeas corpus cases apply with equal force in § 2255 cases. United States v. Frady, 456 U.S. 152, 166-69 n.15 (1982).

The "cause" standard requires a defendant to show that some objective factor external to the defense impeded his ability to raise an issue on direct appeal. See Murray v. Carrier, 477 U.S. 478,

488 (1986). Examples of such external factors include the discovery of new evidence or a change in the law. Id. Ineffective assistance of counsel is another example of an external factor that may constitute "cause" excusing a procedural default. Cook, 45 F.3d at 392. As for prejudice, a defendant must show "'actual prejudice' resulting from the errors of which he complains." Frady, 456 U.S. at 168. The "fundamental miscarriage of justice" exception requires a petitioner to demonstrate that he is "actually innocent" of the crime of which he was convicted. McCleskey v. Zant, 499 U.S. 467, 494 (1991).

In his reply (Dkt. # 635) to Respondent's response, Defendant argues as "cause" that his counsel provided ineffective assistance in failing to raise the claims at trial and on appeal. However, the Court has determined above that appellate counsel did not provide ineffective assistance in failing to raise the omitted claims. Therefore, Eskridge has failed to demonstrate "cause" to overcome the procedural bar.

Under the fundamental miscarriage of justice exception, a defendant may obtain review of his defaulted claims by alleging actual innocence. Herrera v. Collins, 506 U.S. 390, 403-404 (1993); Sawyer v. Whitley, 505 U.S. 333, 339-341 (1992); see also Schlup v. Delo, 513 U.S. 298 (1995). To meet this test, a criminal defendant must make a colorable showing of factual innocence. Beavers v. Saffle, 216 F.3d 918, 923 (10th Cir. 2000) (citing Herrera, 506 U.S. at 404). Under Schlup, a showing of innocence sufficient to allow consideration of procedurally barred claims must be "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error . . . ." Schlup, 513 U.S. at 316. Defendant has the burden of persuading this Court "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. at 329.

Defendant does not state that he is actually innocent of the crime for which he was convicted. The Court concludes that Defendant's challenges which could have been but were not raised on direct appeal shall be denied as procedurally barred.

## *CONCLUSION*

Defendant has failed to demonstrate entitlement to relief on the claims asserted in his § 2255 motion. Therefore, his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Defendant's motions to file *pro se* supplemental brief (Dkt. #s 673, 689, 693, and 722) are **granted in part** and **denied in part**, as follows:

   a. To the extent Defendant seeks leave to supplement claims raised in the original § 2255 motion, his motions to file *pro se* supplemental brief are **granted**.

   b. To the extent Defendant seeks leave to add new claims unrelated to the claims raised in the § 2255 motion, the motions to file *pro se* supplemental brief are **denied** as barred by the one-year statute of limitations.

2. Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 614) is **denied**.

3. A separate judgment in favor of the government shall be entered in this matter.

DATED THIS 21st day of August, 2008.

TERENCE KERN
UNITED STATES DISTRICT JUDGE