# IN THE UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | Case No. 99-CR-020-007-TCK |
| v. | ) | |
| | ) | USM Number: 08449-062 |
| ROBERT EDWIN ESKRIDGE, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the Court is Defendant's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 864). In September 1999 Defendant was found guilty by jury verdict of Count One of the Second Superseding Indictment, charging Conspiracy to Possess With Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. § 846, and Count Thirteen, alleging a Continuing Criminal Enterprise, in violation of 21 U.S.C. § 848. In March 2000 Defendant was sentenced to the custody of the Bureau of Prisons for a term of 420 months as to each of Counts One and Thirteen, said terms to run concurrently, each with the other. In reaching this sentence, the Court found Defendant subject to a total offense level 42 and a criminal history category II, for a sentencing range of 360 months to Life. In January 2003 the Court dismissed Count One pursuant to a partial remand by the United States Court of Appeals for the Tenth Circuit (Doc. 576). See also clarifying Order (Doc. 857), and Amended Judgment (Doc. 858).

Defendant moves for modification of sentence under § 3582(c)(2), citing Amendments 505 and 536. Amendment 505, effective November 1, 1994, is a retroactive amendment. USSG § 1B1.10(c). This amendment set the upper limit of the Drug Quantity Table in §2D1.1 at level 38,

as the Sentencing Commission determined that the extension of the Table above level 38 is not required to ensure adequate punishment, given availability of other enhancement provisions. Amendment 536 is not retroactive, nor is it guideline determinative. Its purpose was to expand the listing in § 1B1.10 to include guideline amendments (including Amendment 505) that may be considered for retroactive application. Defendant argues that application of Amendment 505 will reduce his offense level from level 42 to level 38 by virtue of dismissal of Count One, the underlying conduct. Defendant calculates a revised sentencing range of 262 to 327 months, and requests modification of sentence within this range.

Defendant's argument is without merit. Defendant was sentenced in March 2000 utilizing the 1998 version[1] of the Sentencing Guidelines. This version included the revisions brought about by Amendment 505, which was effective in November 1994. The presentence report calculated the base offense level for the underlying drug distribution conduct based on a drug equivalent of 75,726 kilograms of marijuana, providing for level 38 under § 2D1.1(c)(1) (PSR, ¶ 57). Because Defendant was convicted of a Continuing Criminal Enterprise, USSG § 2D1.5 is applicable and calls for the greater of level 38 or 4 levels plus the offense level from § 2D1.1 applicable to the underlying offense. Because the quantity of drugs attributable to Defendant's underlying conduct provided for the maximum base offense level of 38, 4 points were added as directed by § 2D1.5(a)(1) to reach a total offense level 42 and a sentencing range of 360 months to Life.

Application of § 2D1.5 does not require a separate conviction for the underlying drug distribution offense. The Continuing Criminal Enterprise violation incorporates by specific

---

[1] The presentence report incorrectly cites use of the 1999 version of the Sentencing Guidelines (PSR, ¶ 56). The Sentencing Commission did not publish a 1999 Manual. The 1998 Guideline Manual was utilized for all guideline calculations.

reference the offense of conspiracy to possess with intent to distribute controlled substances, in violation of 21 U.S.C. § 846. See Count Thirteen of the Second Superseding Indictment (Doc. 147); see also United States v. McSwain, 197 F.3d 472, 483 (10th Cir. 1999) (holding that a drug conspiracy, arising out of the same drug distribution enterprise as the continuing criminal enterprise (CCE), is the lesser included offense within the CCE). It is this fact that resulted in dismissal of Count One, because a conviction for both conspiracy to distribute controlled substances and a continuing criminal enterprise, based on the same drug distribution enterprise, violates the presumptive prohibition against double punishment for the same offense. See Doc. 576. Count Thirteen, standing alone, specifically alleges the underlying drug distribution conduct in detail, and instructions in § 2D1.5 specify that the § 2D1.1 Drug Table is to be used to quantify the seriousness of this conduct and compute a base offense level. Because the Defendant was convicted of a Continuing Criminal Enterprise, an additional 4 points were added to the base offense level to account for his organization and management of a series of controlled substance offenses, resulting in a final sentencing range of 360 months to Life. Dismissal of Count One does not reduce the maximum statutory penalty, nor does its dismissal have any impact on the original guideline sentencing calculations.

Amendment 536 is not applicable. Amendment 505 revisions were properly applied at the original sentencing and dismissal of Count One does not alter the outcome. Amendment 505 does not reduce defendant's sentence. A reduction of a term of imprisonment is not authorized by § 3582(c) if the retroactive amendment does not have the effect of lowering a defendant's applicable guideline range. USSG § 1B1.10(a)(2)(B). As the facts establish that Defendant's sentence is not based on a sentencing range that has subsequently been lowered by the Sentencing Commission, this

3

Court is without jurisdiction to consider a reduction of sentence under § 3582(c)(2). See <u>United States v. Trujeque</u>, 100 F.3d 869, 871 (10th Cir. 1996).

**IT IS THEREFORE ORDERED** that Defendant's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 864), is **dismissed due to lack of jurisdiction**.

**DATED** this 1st day of June, 2011.

*[signature: Terence Kern]*
**TERENCE KERN**
**United States District Judge**