## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 99-CR-20-TCK |
| ROBERT ESKRIDGE, | ) ) ) |
| Defendant. | ) |

### OPINION AND ORDER

Before the Court is Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion") (Doc. 908) and related motions to amend the § 2255 record (Doc. 921), supplement the § 2255 record (Doc. 916), expand the § 2255 record (Doc. 922), and for an evidentiary hearing (Doc. 907). Also before the Court is Defendant's Motion to Set Aside Judgment for Fraud Upon the Court Pursuant to Rule 60(d)(3) ("Rule 60(d)(3) Motion") (Doc. 919).

**I.   Factual Background**

In 1999, Defendant was convicted by a jury of conspiracy to contribute controlled substances, in violation of 21 U.S.C. § 846, and of continuing criminal enterprise ("CCE"), in violation of 21 U.S.C. § 848. On remand after direct appeal, the Court vacated the CCE conviction. Defendant then filed a § 2255 motion, which this Court denied. On May 2, 2011, the Court entered an amended judgment clarifying that Defendant's sentence on the conspiracy conviction was 420 months.

On June 1, 2011, Defendant sought authorization from the Tenth Circuit to file a second § 2255 motion. Defendant argued that his claims satisfied the newly discovered evidence prong of 28 U.S.C. § 2255(h)(1). As summarized by the Tenth Circuit, Defendant sought:

> to present a claim that his conviction should be vacated or he should receive a new trial based on newly-discovered evidence of subsequent criminal misconduct by some of the police officers who were involved in his prosecution. [Defendant] asserts that four police officers involved in his prosecution are implicated in a current misconduct investigation, that there is new evidence a search warrant of his mother's residence was invalid and new evidence that officers took money during another search of his mother's residence.

*In re: Robert Eskridge*, No. 11-5082 (10th Cir. July 7, 2011) (Doc. 873). On July 7, 2011, the Tenth Circuit denied the motion for authorization, concluding that Defendant had failed to satisfy the requirements of 28 U.S.C. § 2255(h)(1). On June 1, 2012, Defendant filed the § 2255 Motion. Approximately five months later, while the § 2255 Motion was pending, Defendant filed the Rule 60(d)(3) Motion.

## II.     § 2255 Motion

The Court lacks jurisdiction over Defendant's most recent § 2255 Motion because (1) he has previously filed a § 2255 motion, (*see* Doc. 614), and (2) Defendant has not received authorization from the Tenth Circuit for filing the current § 2255 Motion, *see* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *In re Cline*, 531 F.3d 1249, 1251-52 (10th Cir. 2008) ("A district court does not have jurisdiction to address the merits of a second or successive § 2255 or 28 U.S.C. § 2254 claim until this court has granted the required authorization.").

"When a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization . . . , the district court may transfer the matter . . . if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." *Id.* at 1252. In order to determine whether transfer is in the interest of justice, a court should consider "whether the claims would be time barred if filed anew in the proper forum, whether

2

the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." *Id.* at 1251. When the motion "fails on its face to satisfy any of the authorization standards of § 2255(h)" and "there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion" by electing dismissal. *Id.*

The Court elects to dismiss the § 2255 Motion rather than transfer it. In his most recent motion, Defendant raised three grounds for relief: (1) "the recent convictions of former Tulsa Police Officer's [sic] Harold Wells, and John K. Gray;" (2) "[n]ewly discovered evidence that the search warrant issued for 2003 West Xyler, Tulsa, Oklahoma was fabricated;" and (3) "the dismissal of Conspiracy and Continuing Criminal Enterprise charges against John Torrence and Lynn Mackey created a variance which renders the CCE conviction non-existant [sic]" (§ 2255 Mot. at 4-5.)[1] Defendant already raised the first two grounds in the motion for authorization filed with the Tenth Circuit, and the Tenth Circuit concluded that Defendant had not satisfied the requirements of 28 U.S.C. § 2255(h)(1). *See In re: Robert Eskridge*, No. 11-5082 (10th Cir. July 7, 2011) (Doc. 873) (specifically addressing the former convictions of Harold Wells and John Gray and the search of the residence located at 2003 West Xyler and declining to authorize filing a successive habeas petition with this Court). The third ground for relief, which raises an illegal variance, is not based upon any newly discovered evidence or new rule of law and is clearly untimely. Therefore, the Court has no reason to believe that the Tenth Circuit would grant authorization of Defendant's most recent § 2255 Motion, and transfer is not in the interest of justice.

---

[1] In ruling on the § 2255 Motion, the Court has considered all arguments and evidence presented in the original motion, as well as Defendant's subsequent pleadings supporting the motion. Therefore, Defendant's motions to amend the record, supplement the record, and expand the record are granted.

**III.     Rule 60(d)(3) Motion**

Defendant filed the Rule 60(d)(3) Motion while the § 2255 Motion was still pending, raising essentially the same arguments as those asserted in Grounds 1 and 2 of his § 2255 Motion. Rule 60(d)(3) permits a court to "set aside a judgment for fraud on the court." The Tenth Circuit has recently held that, when a prisoner who has previously filed a § 2255 motion files a motion labeled as a "Rule 60(d)(3)" motion, such motion must be scrutinized to determine whether it is a true Rule 60(d)(3) motion or a second or successive § 2255 petition. *United States v. Baker*, --- F.3d ----, 2013 WL 1867427, at * 2 (10th Cir. 2013) (explaining that it is the relief sought, not the title, that determines whether a pleading is a § 2255 motion). In order to make this determination, a court should inquire whether the alleged fraud was committed during a prior federal *habeas proceeding* or during the *original criminal* proceeding. *See id.* at * 3. If the alleged "fraud on the court" occurred during a prior habeas proceeding, the motion may be treated as a true Rule 60(d) motion; however, if the alleged "fraud on the court" occurred during the original criminal proceeding, the motion "must be considered a second-or-successive collateral attack because it asserts or reasserts a challenge to the defendant's underlying conviction." *See id.* (adopting same analysis as that set forth in *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006), for determining whether a motion labeled as a "Rule 60(b)(3)" motion is a true Rule 60(b) motion or must be construed as a second or successive habeas petition).[2]

---

[2] Defendant relies upon *United States v. Williams*, No. 97-CR-171-JHP, 2012 WL 640020 (N.D. Okla. Feb. 27, 2012), for the proposition that a Rule 60(d)(3) motion is exempt from 28 U.S.C. § 2255's statute of limitations or filing restrictions on second or successive habeas petitions. In *Williams*, a case pending in this district, the defendant alleged that unlawful conduct by Wells, Gray, and federal prosecutors led to his arrest and conviction. Judge Payne held that "because Defendant seeks relief based on a fraud upon the court claim, it is distinct from a habeas petition and is not governed by AEDPA." *See id.* at * 5. *Williams* is of questionable precedential value in light of *Baker*.

4

In his Rule 60(d)(3) Motion, Defendant essentially alleges that (1) the search warrant for the residence at 2003 W. Xyler was based upon fraudulent or non-existent affidavits; (2) evidence recovered during the search of the residence at 249 E. 43rd St. was fraudulently presented by Wells and Gray; (3) the search warrant for the residence at 3011 S. 33rd W. Ave. was based upon fraudulent affidavits submitted by Dale Francetic, Chris Claramunt, Wells, and Gray; (4) the search warrant for the residence at 6101 N. Xanthus Pl. was based upon the fraudulent affidavit of Gray; and (5) the federal prosecutor lied to the grand jury and trial court about certain individuals being members of the alleged drug conspiracy. (*See* Rule 60(d)(3) Mot. at 5-27.) All these allegations relate to Defendant's criminal proceedings and not his prior habeas proceedings. Thus, the Rule 60(d)(3) motion must be construed as a second or successive habeas petition, which is subject to 28 U.S.C. § 2255(h)'s certification requirements. Defendant has failed to obtain the required certification. For the same reasons explained above in relation to the § 2255 Motion, the Court declines to transfer the Rule 60(d)(3) Motion for certification.

**IV.   Conclusion**

Defendant's § 2255 Motion (Doc. 908) is a second or successive habeas petition and is DISMISSED for lack of jurisdiction. Defendant's motions to amend the § 2255 record (Doc. 921), supplement the § 2255 record (Doc. 916), and expand the § 2255 record (Doc. 922) are GRANTED. Defendant's motion for an evidentiary hearing (Doc. 907) is DENIED. Defendant's Motion to Set

Aside Judgment for Fraud Upon the Court (Doc. 919) is a second or successive habeas petition and is DISMISSED for lack of jurisdiction.

SO ORDERED this 20th day of June, 2013.

**TERENCE KERN**
**United States District Judge**