# IN THE UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 99-CR-0020-007-TCK |
| v. ) | |
| ) | USM Number: 08449-062 |
| ROBERT EDWIN ESKRIDGE, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Before the Court is Defendant's motion for reduction of sentence (Dkt. # 1013) under Amendment 750 of the United States Sentencing Commission Guidelines Manual (Nov. 2011).

On February 17, 2000, Defendant appeared for sentencing following his conviction on Counts One and Thirteen of the Second Superseding Indictment charging Conspiracy to Possess with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. § 846 and Continuing Criminal Enterprise, in violation of 21 U.S.C. § 848, respectively. Defendant was sentenced to 420 months in the custody of the Bureau of Prisons per count, said terms to run concurrently. In addition, the Court imposed two five-year concurrent terms of supervised release. On January 13, 2003, the Court vacated and dismissed Count One, pursuant to a partial remand by the United States Court of Appeals for the Tenth Circuit (Dkt. # 576). See also clarifying Order (Dkt. # 857), and Amended Judgment (Dkt. # 858). On November 1, 2015, Defendant's total offense level was reduced by two-levels to 40, and Defendant's sentence was subsequently reduced to 330 months pursuant to Amendment 782 (Dkt. # 991). In the current motion, Defendant requests a further reduction of his sentence based on the Fair Sentencing Act of 2010 ("Amendment 750"). Defendant asserts that Amendment 750 reduced the penalties for cocaine base and argues that his total offense level is 36. He requests a sentence reduction to 216 months.

A district court's authority to reconsider sentencing may stem only from a statute or rule of criminal procedure that expressly grants the court jurisdiction to do so. United States v. Mendoza, 118 F.3d 707, 709 (10th Cir. 1997); United States v. Smartt, 129 F.3d 539, 541 (10th Cir. 1997) (holding that unless the basis for resentencing falls within one of the specific categories authorized by statute, the district court lacks jurisdiction to consider defendant's request); United States v. Blackwell, 81 F.3d 945, 947, 949 (10th Cir.1996) (holding that a district court is authorized to modify a defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so); 18 U.S.C. § 3582(b). Defendant relies upon the Court's authority to reduce a sentence under 18 U.S.C. § 3582(c)(2) following an amendment to the sentencing guidelines. This type of sentence reduction is authorized only if Amendment 750 actually has "the effect of lowering the defendant's applicable guideline range." *See* USSG § 1B1.10(b)(2).

The Court finds that Amendment 750 does not have the effect of lowering Defendant's applicable guideline range and that the Court therefore lacks statutory authority to reduce his sentence. Under USSG §2D1.5(a), the base offense level for a continuing criminal enterprise conviction is the greater of either "(1) 4 plus the offense level from §2D1.1 applicable to the underlying offense; or (2) 38." As stated previously, at the time of the instant offense, the drug quantity calculation for the underlying offense was 75,726 kilograms of marijuana which equated to an offense level 38 plus 4 levels under USSG §2D1.5(a)(1) resulted in a total offense level of 42. Amendment 782 reduced the total offense level to 40. A recalculation of the cocaine base conversion under Amendment 750 results in the underlying offense involving 34,982 kilograms of marijuana or a base offense level 36 (2D1.1(c)(2)). The addition of 4 levels under USSG §2D1.5(a)

2

again results in a total offense level of 40. Therefore, Amendment 750 has neither the effect of lowering defendant's offense level for continuing criminal enterprise conviction nor his applicable guideline range, as required by USSG §1B1.10(a)(2)(B).

**IT IS THEREFORE ORDERED** that defendant's motion for reduction of sentence (Dkt. # 1013) is **dismissed for lack of jurisdiction.**

**IT IS SO ORDERED** this 17th day of August, 2017.

**TERENCE KERN**
**United States District Judge**